E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, General Crimes Section
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
Major Frauds Section
1200/1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone:    (213) 894-3667/0762
Facsimile:    (213) 894-0141
E-mail:   Ian.Yanniello@usdoj.gov
          Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 24-236(A)-SPG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JASVEEN SANGHA, aka "the Ketamine Queen," and SALVADOR PLASENCIA, aka "Dr. P.," | **CURRENT TRIAL DATES:**   MULTIPLE [10/8/24 & 10/15/24] **PROPOSED TRIAL DATE:**   03/04/25 **PROPOSED PTC DATE:**   02/19/25 |
| Defendants. | |

Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Ian V. Yanniello and
Haoxiaohan Cai, defendant Jasveen SANGHA ("defendant SANGHA"), both
individually and by and through her counsel of record, Alexandra S.
Kazarian and Mark Geragos, and defendant Salvador PLASENCIA

("defendant PLASENCIA"), both individually and by and through his counsel of record, Stefan E. Sacks (collectively, the "parties"), hereby stipulate as follows:

1.    The original indictment against defendant SANGHA was filed on April 9, 2024.  Defendant SANGHA first appeared before a judicial officer of the court in which the charges in this case were pending on March 21, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required the trial commence on or before June 18, 2024.

2.    On May 2, 2024, the Court set a trial date of June 4, 2024 for defendant SANGHA and on May 23, 2024, the Court granted the first request for a continuance, ordering that the trial be continued to October 15, 2024.

3.    On August 14, 2024, the First Superseding Indictment ("FSI") was filed in this case.  The FSI contained new charges against defendant SANGHA and added defendant PLASENCIA as a defendant.  Defendant SANGHA appeared for her arraignment on the FSI on August 15, 2024.  Defendant PLASENCIA first appeared before a judicial officer of the court in which the charges in this case were pending on August 15, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for Defendant PLASENCIA commence before October 24, 2024.

4.    On August 14, 2024, the Honorable Alka Sagar, United States Magistrate Judge, set a trial date of October 8, 2024 for defendant PLASENCIA,[1] and ordered a status conference for both defendants for August 28, 2024, at 9:30 a.m.

---

[1] At the initial appearance for defendant SANGHA, the court acknowledged the October 15 trial for defendant SANGHA, but the published minutes from the proceedings reflect an October 8, 2024 trial date.  (Dkt. 41.)

2

5.    Defendant SANGHA was released on bond for the original indictment but was ordered detained at the arraignment on the FSI and detained pending trial. Defendant PLASENCIA is released on bond. The parties estimate that the trial in this matter will last approximately four to five days.

6.    Both defendants are joined for trial and a severance has not been granted.

7.    The Court has previously continued the trial date for defendant SANGHA in this case from June 4, 2024 to October 15, 2024, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  There has been no continuance of the trial date for defendant PLASENCIA.

8.    By this stipulation, the parties move to continue the trial to March 4, 2025, and to set a pretrial conference and hearing schedule as follows: a pretrial conference on February 19, 2025 at 9:30 a.m., any pretrial motions to be filed by January 22, 2025, any oppositions or responses to be filed by February 5, 2025, and any replies to be filed by February 12, 2025.

9.    Defendant SANGHA requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant SANGHA is charged with five counts of distribution of ketamine, including one count of distribution resulting in death or serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), one count of conspiracy to distribute ketamine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute ketamine, in violation of 21

3

U.S.C. §§ 841(a)(1), (b)(1)(E)(i), one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and one count of maintaining a drug involved premises, in violation of 21 U.S.C. § 856.  The government has produced discovery to the defendant SANGHA, including hundreds of pages of discovery that includes written reports, material related to the execution of federal search warrants, laboratory analysis of drugs found inside defendant's residence, among other material. The government anticipates that it will produce additional discovery related to the charges contained in the FSI prior to the August 28 status conference, including materials relating to the execution of federal search warrants, additional laboratory analysis of drugs, victim information, interview reports and recordings, expert reports, cellphone extractions and related reports, among other materials.

b.    On May 13, 2024, defendant SANGHA's current counsel substituted in as counsel of record.  Defendant SANGHA's counsel represents that counsel has the following conflicts described in Exhibit A.

10.  Defendant PLASENCIA requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant PALSENCIA is charged with conspiracy to distribute ketamine, in violation of 21 U.S.C. § 846, seven counts of distribution of ketamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), and two counts of altering and falsifying records related to a federal investigation, in violation of 18 U.S.C. § 1519. The government intends to produce discovery to defendant PLASENCIA before the August 28 status conference, including materials relating

to the execution of federal search warrants, laboratory analysis of drugs, victim information, interview reports and recordings, expert reports, cellphone extractions and related reports, among other materials.

b.    Defendant PLASENCIA's counsel represents that he has the following conflicts described in Exhibit B.

c.    In light of the foregoing, counsel for defendant SANGHA and defendant PLASENCIA also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.    Defendant SANGHA believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

e.    Defendant PLASENCIA believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

f.    The government does not object to the continuance.

g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

11.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date the stipulation is filed to March 4, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. //

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 3, 2024                    Respectfully submitted,

                                           E. MARTIN ESTRADA
                                           United States Attorney

                                           MACK E. JENKINS
                                           Assistant United States Attorney
                                           Chief, Criminal Division

                                           _____
                                           IAN V. YANNIELLO
                                           HAOXIAOHAN CAI
                                           Assistant United States Attorney

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

I am Jasveen SANGHA's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 4, 2025 is an informed and voluntary one.

/s/ Mark Geragos                            September 3, 2024
_____            _____
ALEXANDRA S. KAZARIAN                       Date
MARK GERAGOS
Attorneys for Defendant
Jasveen SANGHA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily

7

1  agree to the continuance of the trial date, and give up my right to
2  be brought to trial earlier than March 4, 2025.

3

4  _____          Sept 1, 2024
   JASVEEN SANGHA                            _____
                                            Date
   Defendant

5

6

7      I am Salvador PLASENCIA's attorney.  I have carefully discussed
8  every part of this stipulation and the continuance of the trial date
9  with my client. I have fully informed my client of his Speedy Trial
10 rights.  To my knowledge, my client understands those rights and
11 agrees to waive them.  I believe that my client's decision to give up
12 the right to be brought to trial earlier than March 4, 2025 is an
13 informed and voluntary one.

14

15 _____          _____
   STEFAN ERIC SACKS                         Date
16 Attorney for Defendant
   Salvador PLASENCIA

17

18     I have read this stipulation and have carefully discussed it
19 with my attorney. I understand my Speedy Trial rights.  I voluntarily
20 agree to the continuance of the trial date, and give up my right to
21 be brought to trial earlier than March 24, 2025. I understand that I
22 will be ordered to appear in Courtroom 5C of the Federal Courthouse,
23 350 W. 1st Street, Los Angeles, California on February 19, 2025 at
24 9:30 a.m. and on March 24, 2025 at 8:30 a.m.

25

26 _____          _____
   SALVADOR PLASENCIA                        Date
27 Defendant

28

8

1 | agree to the continuance of the trial date, and give up my right to
2 | be brought to trial earlier than March 4, 2025.

3

4 | _____        _____
   | JASVEEN SANGHA                                  Date
5 | Defendant

6

7 |     I am Salvador PLASENCIA's attorney.  I have carefully discussed
8 | every part of this stipulation and the continuance of the trial date
9 | with my client. I have fully informed my client of his Speedy Trial
10 | rights.  To my knowledge, my client understands those rights and
11 | agrees to waive them.  I believe that my client's decision to give up
12 | the right to be brought to trial earlier than March 4, 2025 is an
13 | informed and voluntary one.
14 |
   | _____        _____8/23/24_____
15 | STEFAN ERIC SACKS                                Date
   | Attorney for Defendant
16 | Salvador PLASENCIA

17

18 |     I have read this stipulation and have carefully discussed it
19 | with my attorney. I understand my Speedy Trial rights.  I voluntarily
20 | agree to the continuance of the trial date, and give up my right to
21 | be brought to trial earlier than March 24, 2025. I understand that I
22 | will be ordered to appear in Courtroom 5C of the Federal Courthouse,
23 | 350 W. 1st Street, Los Angeles, California on February 19, 2025 at
24 | 9:30 a.m. and on March 24, 2025 at 8:30 a.m.
25 |
   | _____        _____8/26/24_____
26 | SALVADOR PLASENCIA                               Date
   | Defendant
27

28

8

**EXHIBIT A**

DEFENSE COUNSEL'S UPCOMING TRIAL SCHEDULE & CONFLICTS

(1) *USA v. Robert Hunter Biden*, United States District Court for the Central
District of California Case No. 2:23, cr-00599-MCS, District Court Judge
Mark Scarsi. The Indictment in this case was filed on December 7, 2023,
trial is scheduled to begin on September 5, 2024. The trial is expected to last
approximately two weeks.  The charges are tax related, including failure to
file and pay taxes, evasion of assessment, and false or fraudulent tax returns.
There has been one continuance previously granted, there are no motions to
continue the trial date pending. The parties are ready to proceed to trial and
it is expected to proceed on the scheduled date.

(2) *People v. Donald Ciota,* Case No. BA473919-01, Superior Court of
California, County of Los Angeles; Los Angeles County Superior Court
Judge Presiding: Serena Murillo. The felony complaint in this case was filed
on or about May 22, 2019 and is scheduled to begin trial on September 16,
2024.  This case involves a murder count pursuant to California Penal Code
Section 187. The estimated length of trial is approximately three
weeks.  There have been approximately forty trial continuances of the trial
date largely in part due to this case being filed pre-pandemic. The parties are
ready to proceed with trial, however, a future continuance may be granted
due to engagement in *USA v. Biden* (see item 1 above), and this case will
most likely trail that matter.

(3) *People v. Marlo McGee*, Case No. RIF140673, Superior Court of California,
Riverside County; Riverside Superior Court; Joshlyn Pulliam.  The felony
criminal complaint was filed on December 20, 2007, the defendant
proceeded to trial, was convicted, and that matter was subsequently reversed
and remanded on appeal in or about 2015.  The charges involve murder
pursuant to Penal Code Section 187, and are the result of the death of an
infant and a prior conviction of a death of an infant in which the underlying
cause of death will be litigated as a trial within the trial.  The jury trial is
currently set to begin on September 23, 2024.  There have been
approximately thirty-eight continuances of the trial date since the case was

remanded due to the defendant's deteriorating health and severe sickle cell
amenia.  The estimated length of trial is six weeks.

(4) *People v. Alex Janis Opmanis*, Case No. FSB19002771; Superior Court of
California, County of San Bernardino; Judge William Jefferson Powell, IV.
The felony criminal complaint was filed on or about August 13, 2019. Trial
is set for October 7, 2024. The defendant is charged with murder pursuant to
California Penal Code § 187.  The trial in this case has been continued
approximately twenty-five times, largely due to the complaint being filed
pre-pandemic. Trial is estimated to last approximately two weeks. If counsel
is not engaged, it is unlikely that a continuance will be requested or granted,
and this trial will trail the *People v. McGee* matter (see item 3 above).

(5) *Shirley Huffman, et al. v. City of Los Angeles, et al.,* Case No.
22STCV38178, Superior Court of California, County of Los Angeles; Judge
Stephen P. Pfahler. This case was filed on December 7, 2022.  Trial is
scheduled to begin on October 31, 2024. This matter involves the wrongful
death of Los Angeles Police Officer Houston Tipping. The causes of actions
are deprivation of civil rights, wrongful death, and whistleblower retaliation.
There have been two previous continuances of the trial date. This is a
complex matter and is expected to be transferred to a Los Angeles Superior
Court long cause courtroom. The estimated trial length is ten to fourteen
days. The parties are prepared for trial.  It is unlikely that a future
continuance will be requested.  The trial is scheduled for October 31, 2024
depending on the status of the items listed in items 1 through 4 above.

(6) *People v. Quinton Gardner*, Case No. BA500970, Superior Court of
California, County of Los Angeles; Judge Karla Kerlin. The criminal
complaint was filed on April 25, 2021. The defendant is charged with
injuring a spouse pursuant to California Penal Code § 273.5(a)-F. This is not
a complex matter. The trial in this case has been continued four times. Trial
is scheduled to begin on January 9, 2025. The parties are ready to proceed. It
is unlikely that a future continuance will be requested or granted.

**Exhibit B – Conflicts for Stefan Eric Sacks**

(1) People of the State of California v. Damone Hennings, Case # 24AHCF00323 (previous case # GA113770), Los Angeles Superior Court (Alhambra Courthouse), Judge Michael Villalobos;

(2) 19 months total;

(3) 11 counts including Home Invasion Robbery, Assault with a Semiautomatic Weapon, Torture, Kidnapping; First Degree Residential Burglary with Person Present, and Possession of a Firearm by a Felon.  The case is relatively complex and involves DNA evidence as well as complex cell phone positioning data;

(4) On or about September 26, 2024 (Day 57/60);

(5) Three (3) weeks;

(6) Four (4) continuances were previously granted;

(7) Both sides are ready;

(8) It is unlikely that a future continuance will be requested as the defendant refuses to waive his right to a speedy trial at this point; and

(9)The trial must begin on or about September 26, 2024 as September 29, 2024 is the last day (60/60).