```
JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY G. DOTSON
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, General Crimes Section
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
Major Frauds Section
     1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-3667/0762
     Facsimile:    (213) 894-0141
     E-mail:  Ian.Yanniello@usdoj.gov
              Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 24-236(A)-SPG |
|---|---|
| Plaintiff, | **STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** |
| v. | |
| JASVEEN SANGHA, aka "the Ketamine Queen," and SALVADOR PLASENCIA, aka "Dr. P.," | **CURRENT TRIAL DATE:** 03/04/25<br>**PROPOSED TRIAL DATE:** 08/19/25<br>**PROPOSED PTC DATE:** 08/06/25 |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello and Haoxiaohan Cai, defendant Jasveen SANGHA ("defendant SANGHA"), both individually and by and through her counsel of record, Alexandra S. Kazarian and Mark Geragos, and defendant Salvador PLASENCIA

("defendant PLASENCIA"), both individually and by and through his counsel of record, Karen Goldstein and Debra White, (collectively, the "parties"), hereby stipulate as follows:

1. The original indictment against defendant SANGHA was filed on April 9, 2024. Defendant SANGHA first appeared before a judicial officer of the court in which the charges in this case were pending on March 21, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required the trial commence on or before June 18, 2024.

2. On May 2, 2024, the Court set a trial date of June 4, 2024 for defendant SANGHA and on May 23, 2024, the Court granted the first request for a continuance, ordering that the trial be continued to October 15, 2024.

3. On August 14, 2024, the First Superseding Indictment ("FSI") was filed in this case. The FSI contained new charges against defendant SANGHA and added defendant PLASENCIA as a defendant. Defendant SANGHA appeared for her arraignment on the FSI on August 15, 2024. Defendant PLASENCIA first appeared before a judicial officer of the court in which the charges in this case were pending on August 15, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for Defendant PLASENCIA commence before October 24, 2024. The Honorable Alka Sagar, United States Magistrate Judge, set a trial date of October 8, 2024 for defendant PLASENCIA,[1] and ordered a status conference for both defendants for August 28, 2024, at 9:30 a.m.

---

[1] At the initial appearance for defendant SANGHA, the court acknowledged the October 15 trial for defendant SANGHA, but the published minutes from the proceedings reflect an October 8, 2024 trial date. (Dkt. 41.)

  4. Defendant SANGHA was ordered detained at the arraignment on the FSI and detained pending trial. Defendant PLASENCIA is released on bond. The parties estimate that the trial in this matter will last approximately four to five days.

  5. Both defendants are joined for trial and a severance has not been granted.

  6. The Court has previously continued the trial date twice for defendant SANGHA in this case from June 4, 2024 to October 15, 2024, and from October 15, 2024 to March 4, 2025 and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court has previously continued the trial date once for defendant PLASENCIA, from October 8, 2024 to March 4, 2025. In granting the last continuance, the Court also set a pretrial conference and hearing schedule.

  7. By this stipulation, the parties move to continue the joint trial to August 19, 2025, and to continue the pretrial conference and hearing schedule as follows: a pretrial conference on August 6, 2025 at 9:30 a.m., any pretrial motions to be filed by July 9, 2025, any oppositions or responses to be filed by July 23, 2025, and any replies to be filed by July 30, 2025.

  8. Defendant SANGHA requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant SANGHA is charged with five counts of distribution of ketamine, including one count of distribution resulting in death or serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), one count of conspiracy to

3

distribute ketamine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute ketamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and one count of maintaining a drug involved premises, in violation of 21 U.S.C. § 856.  The government has produced discovery to the defendant SANGHA, including hundreds of pages of discovery that includes written reports, material related to the execution of federal search warrants, laboratory analysis of drugs found inside defendant's residence, expert disclosures, among other material.

   b. On May 13, 2024, defendant SANGHA's current counsel substituted in as counsel of record.  Defendant SANGHA's counsel represents that counsel has the following conflicts described in Exhibit A.

  9. Defendant PLASENCIA requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant PALSENCIA is charged with conspiracy to distribute ketamine, in violation of 21 U.S.C. § 846, seven counts of distribution of ketamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), and two counts of altering and falsifying records related to a federal investigation, in violation of 18 U.S.C. § 1519. The government intends to produce discovery to defendant PLASENCIA before the August 28 status conference, including materials relating to the execution of federal search warrants, laboratory analysis of drugs, victim information, interview reports and recordings, expert

reports, cellphone extractions and related reports, among other materials.

      b.   On December 20, 2024, defendant PLASENCIA's current counsel substituted in as counsel of record. Defendant PLASENCIA's counsel represents that they have the following conflicts described in Exhibit B.

      c.   In light of the foregoing, counsel for defendant SANGHA and defendant PLASENCIA also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant SANGHA believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

      e.   Defendant PLASENCIA believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      f.   The government does not object to the continuance.

      g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

5

10. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date the stipulation is filed to March 4, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

1  Moreover, the same provisions and/or other provisions of the Speedy
2  Trial Act may in the future authorize the exclusion of additional
3  time periods from the period within which trial must commence.
4      IT IS SO STIPULATED.
5   Dated: February 4, 2025            Respectfully submitted,
6                                      JOSEPH T. MCNALLY
                                       United States Attorney
7
                                       LINDSEY G. DOTSON
8                                      Assistant United States Attorney
                                       Chief, Criminal Division
9
10  _____
                                       IAN V. YANNIELLO
11                                     HAOXIAOHAN CAI
                                       Assistant United States Attorney
12
                                       Attorneys for Plaintiff
13                                     UNITED STATES OF AMERICA
14
         I am Jasveen SANGHA's attorney.  I have carefully discussed
15
    every part of this stipulation and the continuance of the trial date
16
    with my client. I have fully informed my client of her Speedy Trial
17
    rights.  To my knowledge, my client understands those rights and
18
    agrees to waive them.  I believe that my client's decision to give up
19
    the right to be brought to trial earlier than August 19, 2025 is an
20
    informed and voluntary one.
21
22   /s/ Alexandra Kazarian                    January 31, 2025
    ALEXANDRA S. KAZARIAN                      Date
23  MARK GERAGOS
    Attorneys for Defendant
24  Jasveen SANGHA
25
26
         I have read this stipulation and have carefully discussed it
27
    with my attorney. I understand my Speedy Trial rights.  I voluntarily
28

                                   7

agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 19, 2025.

_____    1/31/25
JASVEEN SANGHA                    Date
Defendant

I am Salvador PLASENCIA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 19, 2025 is an informed and voluntary one.

_____    _____
DEBRA WHITE                       Date
KAREN GOLDSTEIN
Attorneys for Defendant
Salvador PLASENCIA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 19, 2025. I understand that I will be ordered to appear in Courtroom 5C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on August 6, 2025 at 9:30 a.m. and on August 19, 2025 at 8:30 a.m.

_____    _____
SALVADOR PLASENCIA                Date
Defendant

8

agree to the continuance of the trial date, and give up my right to
be brought to trial earlier than August 19, 2025.

_____     _____
JASVEEN SANGHA                           Date
Defendant


    I am Salvador PLASENCIA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 19, 2025 is an informed and voluntary one.

*Debra S. White*                         1/29/2025
_____     _____
DEBRA WHITE                              Date
KAREN GOLDSTEIN
Attorneys for Defendant
Salvador PLASENCIA


    I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 19, 2025. I understand that I will be ordered to appear in Courtroom 5C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on August 6, 2025 at 9:30 a.m. and on August 19, 2025 at 8:30 a.m.

[signature]                              01/29/2025
_____     _____
SALVADOR PLASENCIA                       Date
Defendant

**EXHIBIT A**

**PLASENCIA's COUNSEL'S UPCOMING TRIAL SCHEDULE AND CONFLICTS**

**Debra White:**

1)   United States v. Daniel Messiah (CR 24-CR-00512-PA), false statements in a passport application, currently set for trial on March 4, 2025, expected to last 4 days. My client is facing up to 35 years in prison if convicted on all counts.  The defense is in the process of preparing for trial. There are no trial continuances allowed. The parties are attempting to settle the case but have not reached an agreement to-date.

**Karen Goldstein:**

 1)   United States v. Cole, CR 24-409-PA, a child pornography production trial where the client is facing a mandatory minimum of 15 years and up to a life sentence The trial is estimated to be a 3-day trial, currently scheduled to start on April 8, 2025.  There has been one request for a trial continuance and it was granted.  Another continuance will not be granted.  The case has been pending since July 2024.  The parties will be ready for trial on the current date and this trial is likely to proceed to trial on this date. The trial is unlikely to settle.

2)   United States v. Quintero, et al., (Arlene Quintero), CR 24-472-SVW-4, a complex, multi-defendant drug trafficking conspiracy case where the client is facing a mandatory minimum sentence of 10 years.  The jury trial is estimated to be 10 days and is currently scheduled to start on September 26, 2025.  The case has been pending since late July 2024.  There has been one request for a trial continuance and it was granted.  It is likely that another continuance will be granted and the trial will not proceed on that date. It is uncertain whether this case will settle. The parties, at least defense, is not yet ready for trial.

3)   United States v.  Buraye, et al., (Max Roman Betancourt) CR 24-0047-FMO-6, a complex, multi-defendant drug trafficking conspiracy case where where the client is facing a mandatory minimum sentence of 10 years.  The jury trial is estimated to be 14 days and is currently scheduled for June 17, 2025.  The case has been pending since March 2024. There has been one request for a trial continuance and it was granted.  It is likely that another continuance will be granted and the trial will not proceed on that date.  It is unknown whether this case will settle. The parties, at least defense, is not yet ready for trial.

# EXHIBIT B

## DEFENSE COUNSEL'S UPCOMING TRIAL SCHEDULE AND CONFLICTS

(1) *People v. Marlo McGee*, Case No. RIF140673, Superior Court of California, Riverside County; Riverside Superior Court; Joshlyn Pulliam. The felony criminal complaint was filed on December 20, 2007, the defendant proceeded to trial, was convicted, and that matter was subsequently reversed and remanded on appeal in or about 2015. The charges involve murder pursuant to Penal Code Section 187, and are the result of the death of an infant and a prior conviction of a death of an infant in which the underlying cause of death will be litigated as a trial within the trial. The jury trial is currently set to begin on February 7, 2025. There have been approximately thirty-nine continuances of the trial date since the case was reversed and remanded due to the defendant's deteriorating health and severe sickle cell anemia. The estimated length of trial is six weeks.

(2) *People v. Quinton Gardner*, Case No. BA500970, Superior Court of California, County of Los Angeles; Judge Karla Kerlin. The criminal complaint was filed on April 25, 2021. The defendant is charged with injuring a spouse pursuant to California Penal Code § 273.5(a)-F. This is not a complex matter. The trial in this case has been continued five times. Trial is scheduled to begin on March 13, 2025. The parties are ready to proceed. It is unlikely that a future continuance will be requested or granted.

(3) *People v. Alex Janis Opmanis*, Case No. FSB19002771; Superior Court of California, County of San Bernardino; Judge William Jefferson Powell, IV. The felony criminal complaint was filed on or about August 13, 2019. Trial is set for March 24, 2025. The defendant is charged with murder pursuant to California Penal Code § 187. The trial in this case has been continued approximately twenty-six times, largely due to the complaint being filed pre-pandemic. Trial is estimated to last approximately two weeks. If counsel is not engaged, it is unlikely that a continuance will be requested or granted.

(4) *United States of America v. Erik Salgado*, Case No. 5:24-cr-00201-JGB, United States District Court for the Central District of California; Judge Jesus G. Bernal. The felony criminal complaint was filed on August 14, 2024. The Defendant is charged with Deprivation of Rights Under Color of Law pursuant to 18 U.S.C. § 242. The trial in this case is currently scheduled for April 15, 2025. This matter has not had any trial continuances and the parties are not yet ready to proceed to trial. Defense counsel anticipates filing a request to continue trial.

(5) *County of Los Angeles, et al. v. CROAG, Inc.,* Case No. 21STCV03275, Superior Court of California, County of Los Angeles; Judge Maureen Duffy-Lewis. This civil complaint was filed on January 27, 2021. This case pertains to alleged violations of the Los Angeles County Code and Public Health Orders, as well as a cross-complaint alleging civil rights violations by the County of Los Angeles. Trial is set for June 16, 2025 and is anticipated to last approximately two weeks. Trial in this matter has been continued approximately

three times. The parties are ready to proceed to trial and it is unlikely that any further continuances will be requested or granted.