BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
Major Frauds Section
1200/1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone:     (213) 894-3667/0762
Facsimile:     (213) 894-0141
E-mail:   Ian.Yanniello@usdoj.gov
          Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>JASVEEN SANGHA,<br>   aka "the Ketamine Queen,"<br><br>         Defendant. | CR 24-236(A)-SPG-1<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   08/19/25<br>**PROPOSED TRIAL DATE:**  09/23/25<br>**PROPOSED PTC DATE:**    09/10/25 |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello and Haoxiaohan Cai, and defendant Jasveen SANGHA ("defendant SANGHA"), both individually and by and through her counsel of record, Alexandra S. Kazarian and Mark Geragos, hereby stipulate as follows:

1. The parties anticipate this case will proceed to trial and respectfully request a trial date of September 23, 2025.

2. As background, the original indictment against defendant SANGHA was filed on April 9, 2024. Defendant SANGHA first appeared before a judicial officer of the court in which the charges in this case were pending on March 21, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required the trial commence on or before June 18, 2024.

3. On May 2, 2024, the Court set a trial date of June 4, 2024 for defendant SANGHA and on May 23, 2024, the Court granted the first request for a continuance, ordering that the trial be continued to October 15, 2024.

4. On August 14, 2024, the First Superseding Indictment ("FSI") was filed in this case. The FSI contained new charges against defendant SANGHA related to two overdose deaths, among other alleged criminal activity. Defendant SANGHA appeared for her arraignment on the FSI on August 15, 2024.

5. Defendant SANGHA was ordered detained at the arraignment on the FSI and detained pending trial. The parties estimate that the trial in this matter will last approximately five days.

6. The Court has previously continued the trial date three times for defendant SANGHA in this case from June 4, 2024 to October 15, 2024, and from October 15, 2024 to March 4, 2025, and from March 4, 2025 to August 19, 2025, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

7. By this stipulation, the parties move for a final continuance of the trial date to September 23, 2025, and request that

the Court enter an order setting the following briefing and hearing schedule: a pretrial conference on September 10, 2025 at 9:30 a.m., any pretrial motions, including motions in limine, to be filed by August 13, 2025, any oppositions or responses to be filed by August 27, 2025, and any replies to be filed by September 3, 2025.

    8. Defendant SANGHA requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant SANGHA is charged with five counts of distribution of ketamine, including one count of distribution resulting in death or serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), one count of conspiracy to distribute ketamine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute ketamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and one count of maintaining a drug involved premises, in violation of 21 U.S.C. § 856. The government has produced discovery to the defendant SANGHA, including hundreds of pages of discovery that includes written reports, material related to the execution of federal search warrants, laboratory analysis of drugs found inside defendant's residence, expert disclosures, among other material.

    b. On May 13, 2024, defendant SANGHA's current counsel substituted in as counsel of record. Defendant SANGHA's counsel represents that counsel has the following conflicts described in Exhibit A.

   c. In light of the foregoing, counsel for defendant SANGHA also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant SANGHA believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  9. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date the stipulation is filed to September 23, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make

4

a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 4, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

_____
IAN V. YANNIELLO
HAOXIAOHAN CAI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Jasveen SANGHA's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 23, 2025 is an informed and voluntary one.

*/s/ Alexandra Kazarian*                                August 3, 2025
ALEXANDRA S. KAZARIAN                                   Date
MARK GERAGOS
Attorneys for Defendant
Jasveen SANGHA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily

6

agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 23, 2025.

_____     August 3, 2025
JASVEEN SANGHA                       Date
Defendant

7