**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone (213) 625-3900
Facsimile (213) 232-3255
Geragos@Geragos.com

MARK J. GERAGOS        SBN 108325
ALEXANDRA KAZARIAN     SBN 244494
*Attorneys for Defendant*, JASVEEN SANGHA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASVEEN SANGHA,<br><br>Defendant. | Case No.: 2:24-cr-00236-SPG<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXANDRA KAZARIAN**<br><br>Date: December 10, 2025 (current)<br>Time: 8:30 a.m.<br>Courtroom: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

TO THE HONORABLE COURT, THE UNITED STATES ATTORNEY, AND THE UNITED STATES PROBATION OFFICE:

PLEASE TAKE NOTICE that Defendant Jasveen Sangha ("Ms. Sangha"), by and through undersigned counsel, hereby moves this Court for an order continuing the sentencing hearing currently set for December 10, 2025, for approximately 60-90 days (or to the earliest date thereafter convenient to the Court).

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Presentence Investigation Report ("PSR") dated November 6, 2025 and the

1
NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING HEARING

1 Probation Office's Sentencing Recommendation dated November 5, 2025, the files and
2 records in this case, and any further argument or evidence the Court may permit.
3     On November 20, 2025, defense counsel emailed the government requesting a joint
4 stipulation to continue sentencing on the grounds set forth below. As of the filing of this
5 motion, the government has not responded, and the continuance must therefore be sought by
6 noticed motion.

DATED: November 20, 2025

GERAGOS & GERAGOS, APC

By: /s/ Alexandra Kazarian
MARK J. GERAGOS
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
JASVEEN SANGHA

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.   INTRODUCTION**

Good cause exists to briefly continue Ms. Sangha's sentencing. The Probation Office has only recently disclosed a PSR and Recommendation that:

- Increase the guidelines substantially through new enhancements for premises, role, and obstruction, and by withholding the third level of acceptance;
- Identify multiple pending verifications regarding Ms. Sangha's medical and mental health conditions, educational history, and employment record;
- Acknowledge that restitution is applicable but that Probation lacks sufficient information to recommend any amount; and
- Recommend broad, intrusive digital search and computer-monitoring conditions that require targeted briefing under 18 U.S.C. § 3583(d).

At the same time, several related defendants (Fleming, Iwamasa, Plasencia, Chavez) have sentencings scheduled immediately before and after Ms. Sangha's, and the Court has not yet had the benefit of those proceedings for §3553(a)(6) disparity analysis.

A short continuance will allow the parties to (1) properly litigate the new guideline issues through Rule 32(f) objections and a meaningful meet-and-confer process; (2) provide Probation the requested documentation to complete its medical, mental health, education, employment, and financial verifications; (3) obtain and verify restitution information from the victims' estates so that the Court can enter a correct order; and (4) brief the Court on an individualized set of supervised-release conditions that satisfy § 3583(d)'s "no greater deprivation than necessary" requirement.

Ms. Sangha is in custody. There is no prejudice to the government or the public in granting a short continuance; denial, by contrast, risks sentencing on an incomplete and contested record.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 South Figueroa Street
Los Angeles, California 90017-3411

3
NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING HEARING

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 32(b)(1) provides that "[t]he court must impose sentence without unnecessary delay." At the same time, Rule 32 expressly permits the Court to modify scheduling for good cause. See Fed. R. Crim. P. 32(b)(2).

Rule 32 also contemplates that:

- The probation officer must disclose the PSR before sentencing and allow time for written objections. Fed. R. Crim. P. 32(e), (f);
- The Court must rule on any disputed portions of the PSR or determine that a ruling is unnecessary because the matter will not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B); and
- The Court must have sufficient, reliable information to evaluate the sentencing factors under 18 U.S.C. § 3553(a) and any restitution under 18 U.S.C. §§ 3663–3664.

A brief continuance to ensure accurate guideline calculations, completion of PSR verifications, and proper restitution and supervised-release analysis constitutes "good cause" within the meaning of Rule 32. It also furthers, rather than undermines, the requirement that sentencing proceed "without unnecessary delay."

## III. ARGUMENT

### A. The Recently-Disclosed PSR Raises New and Complex Guideline Issues That Require Time for Rule 32(f) Objections and Meet-and-Confer

The November 6, 2025 PSR calculates a Total Offense Level of 36 and a resulting guideline range of 188–235 months based on:

- A Base Offense Level 32 under §2D1.1;
- A +2 "maintaining premises" enhancement under §2D1.1(b)(12);
- A +2 aggravating role enhancement under §3B1.1(c);
- A +2 obstruction enhancement under §3C1.1;
- Only –2 levels for acceptance under §3E1.1(a), with no third level under §3E1.1(b).

None of these enhancements or the withholding of the third acceptance point were fixed or agreed guideline terms in the plea agreement; the parties expressly reserved the right to litigate guideline factors.

Defense has already prepared detailed written objections to:

- The double-counting of premises conduct in Count 2 and under §2D1.1(b)(12);
- The lack of factual support for an aggravating role beyond being a source of supply;
- The absence of an identified official investigation or material interference sufficient to justify obstruction; and
- The third level of acceptance under §3E1.1(b).

Given the complexity of these issues and their dramatic impact on the guideline range, a short continuance is necessary to allow (1) submission of formal Rule 32(f) objections; (2) a meaningful meet-and-confer with the government and Probation; and (3) focused sentencing briefs so that the Court can resolve the disputes on a full written record rather than by ad hoc argument from the podium.

Sentencing at the current setting would either (a) force hurried resolution of significant guideline disputes, or (b) risk proceeding on a flawed calculation that may not be easily unwound later.

**B. Probation's Own PSR Identifies Pending Verifications for Health, Education, Employment, and Financial Status**

The PSR explicitly states that multiple aspects of Ms. Sangha's personal history are still under verification:

- Medical and physical conditions, including asthma, prior cancer surgery, bladder ulcers requiring further surgery, and recent neck-to-toes numbness – "Verification … have been requested and are pending."
- Mental and emotional health history and current prescriptions – "Verification … have been requested and are pending."
- Educational history (high school, UC Irvine, Hult MBA) – "Verification … have been requested and are pending."

- Employment history and institutional work – "Verification … have been requested and are pending."
- Supporting financial documentation for the personal financial statement.

These verifications are not cosmetic. They bear directly on:

- Appropriate BOP designation and medical/mental-health treatment recommendations;
- The §3553(a)(1) assessment of Ms. Sangha's "history and characteristics";
- The Court's view of her employment and educational prospects upon release; and
- Any determination regarding fines, nominal restitution payment schedules, or ability to pay.

Defense is actively obtaining and transmitting records from treating providers, schools, and employers. A brief continuance will allow Probation to complete the verifications it itself has identified as pending, and for the results to be included in an updated PSR or addendum.

**C. Restitution Is Acknowledged as Applicable, But Probation Has No Information to Recommend an Amount**

Both the PSR and the Recommendation acknowledge that restitution is applicable and may include funeral and related expenses for the deceased victim(s), but state that "sufficient information has not been provided" to recommend any amount and that "requests for restitution have not been provided" as of disclosure.

A short continuance will permit:

- The government and victims' estates to assemble and provide documentation of funeral and related costs;
- Defense to review those materials and raise any limited, good-faith objections; and
- The Court to resolve restitution at the same time as sentencing, rather than relying on a later *Dolan* procedure, see *Dolan v. United States*, 560 U.S. 605 (2010).

This promotes efficiency and avoids the need for a separate restitution hearing.

**D. Co-Defendant Sentencing Sequence and § 3553(a)(6) Disparity Concerns Also Support a Brief Reset**

The PSR lists several related cases and co-defendants whose sentencings are clustered around Ms. Sangha's date:

- Erik Fleming – sentencing set for November 12, 2025 (distribution resulting in death).
- Kenneth Iwamasa – sentencing set for November 19, 2025.
- Salvador Plasencia – sentencing set for December 3, 2025.
- Mark Chavez – sentencing set for December 17, 2025.

Sequencing Ms. Sangha's sentencing after the Court has had the benefit of the Fleming, Iwamasa, and Plasencia sentencings (and ideally before or contemporaneous with Chavez) will meaningfully assist the Court in applying § 3553(a)(6)'s command to avoid unwarranted disparities among similarly situated defendants.

At present, Ms. Sangha is positioned in the middle of this sequence. A 60-90 day continuance would allow the Court to consider:

- The role and culpability findings already made for each co-defendant;
- Any guideline or variance decisions the Court has applied to them; and
- The appropriate calibration of Ms. Sangha's sentence in relation to those outcomes.

### E. The Requested Continuance Is Modest, Ms. Sangha Is in Custody, and There Is No Prejudice to the Government

Ms. Sangha has been in continuous custody since August 15, 2024. She is not seeking to delay report-and-surrender; she is already serving pre-sentence time.

The requested 60-90 day continuance is modest in light of:

- The November 5 and 6, 2025 dates of the Recommendation and PSR;
- The number and significance of disputed guideline issues;
- The acknowledged incomplete verifications and restitution picture; and
- The upcoming co-defendant sentencings.

The government will suffer no prejudice from a brief reset. To the contrary, having accurate PSR verifications, restitution numbers, and clarified guidelines will streamline its own sentencing presentation.

### IV. CONCLUSION

For the foregoing reasons, Ms. Sangha respectfully requests that the Court find good cause under Rule 32(b) and:

7

NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING HEARING

1. Continue the sentencing hearing currently set for December 10, 2025, for approximately 60-90 days, or to the earliest date thereafter convenient to the Court;
2. Set corresponding deadlines for PSR objections, sentencing memoranda, and any restitution or supervised-release briefing; and
3. Direct Probation to complete and incorporate the pending verifications into an updated PSR or addendum before the continued sentencing date.

DATED: November 20, 2025

GERAGOS & GERAGOS, APC

By: /s/ Alexandra Kazarian
MARK J. GERAGOS
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
JASVEEN SANGHA

# DECLARATION OF ALEXANDRA S. KAZARIAN

I, Alexandra S. Kazarian, declare:

1. I am an attorney licensed to practice before all the courts of the State of California and admitted to practice before this Court. I am counsel of record for defendant Jasveen Sangha in the above-captioned matter. I have personal knowledge of the facts set forth below and could and would testify competently thereto if called as a witness.

2. Sentencing in this matter is presently set for December 10, 2025, before the Honorable Sherilyn Peace Garnett, in Courtroom 5C.

3. On November 5, 2025, the United States Probation & Pretrial Services Office issued its Sentencing Recommendation, and on November 6, 2025, it issued the Presentence Investigation Report ("PSR"). Those documents were only recently disclosed to the parties.

4. The PSR calculates a Total Offense Level of 36 and an advisory guideline range of 188–235 months based on several enhancements that were not fixed in the plea agreement and that require litigation, including: (a) a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises; (b) a two-level aggravating role enhancement under § 3B1.1(c); (c) a two-level obstruction enhancement under § 3C1.1; and (d) an award of only two levels of acceptance of responsibility under § 3E1.1(a), with no third level under § 3E1.1(b).

5. These guideline issues are significant, fact-intensive, and were not anticipated as agreed-upon adjustments in the plea agreement. They require time for defense counsel to finalize written objections under Federal Rule of Criminal Procedure 32(f), to meet and confer with the government and Probation, and to prepare focused sentencing briefing so that the Court may resolve them on a complete record rather than on abbreviated oral argument.

6. The PSR also expressly notes that multiple categories of information are still under verification, including (a) Ms. Sangha's medical and physical conditions, such as asthma, prior cancer surgery, bladder ulcers requiring additional surgery, and a recent episode of numbness from her neck to her toes; (b) her mental and emotional health history and current prescriptions; (c) her educational history (Calabasas High School, UC Irvine, and Hult

9

NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING HEARING

International Business School); (d) her employment history, including pre-arrest jobs and institutional work while in custody; and (e) supporting documentation for her financial condition.

7. These pending verifications are material to the Court's consideration of the sentencing factors under 18 U.S.C. § 3553(a) (particularly "history and characteristics," ability to pay financial penalties, and the need for medical and mental-health treatment) and to any BOP designation and program recommendations. Defense counsel is in the process of obtaining and providing records from health-care providers, schools, employers, and family members so that Probation can complete its verifications, but additional time is needed for those records to be collected, transmitted, and incorporated into an amended PSR or addendum.

8. Both the PSR and Sentencing Recommendation state that restitution is applicable in this case but that Probation has not received sufficient information to recommend a restitution amount. That is because, as of the time of disclosure, the victims' estates have not yet provided documentation of funeral or related expenses to Probation or to the parties. A brief continuance will allow the government to obtain restitution information from the appropriate parties, allow the defense to review and, if necessary, address those materials, and permit the Court to resolve restitution contemporaneously with sentencing, rather than in a separate deferred proceeding.

9. The Sentencing Recommendation further proposes a set of broad electronic-search and computer-monitoring conditions (including a categorical ban on end-to-end encrypted applications, mandatory device/account disclosure, and enrollment in a Computer Monitoring Program) that go beyond standard conditions and will require targeted briefing under 18 U.S.C. § 3583(d) to ensure that any special supervised-release conditions are reasonably related to the statutory factors and do not impose a greater deprivation of liberty than necessary. Counsel needs additional time to analyze these proposed conditions, confer with the government and Probation, and present a narrowed, individualized set of conditions for the Court's consideration.

10. In addition, the PSR lists several co-defendants and related defendants whose sentencings are currently set just before and after Ms. Sangha's date, including: (a) *United States v. Fleming* (No. 2:24-CR-00417-SPG), sentencing set for November 12, 2025; (b) *United States v. Iwamasa* (No. 2:24-CR-00408-SPG), sentencing set for November 19, 2025; (c) *United States v. Plasencia* (No. 2:24-CR-00236-SPG-2), sentencing set for December 3, 2025; and (d) *United States v. Chavez* (No. 2:24-CR-00492-SPG), sentencing set for December 17, 2025.

11. A brief continuance of Ms. Sangha's sentencing to a date after the Plasencia and Chavez sentencings will assist the Court in assessing relative culpability and avoiding unwarranted sentencing disparities under § 3553(a)(6) among defendants who are all before the same Court in related ketamine-distribution matters.

12. Ms. Sangha has been in continuous federal custody since approximately August 15, 2024. She is not on bond and is not seeking to delay surrender. A short continuance of sentencing will not endanger the community or impair the government's ability to prosecute; it will simply allow the parties and Probation to present the Court with a more accurate and complete record.

13. In light of the foregoing, defense counsel believes that a continuance of approximately 60-90 days (or to the earliest date thereafter convenient to the Court) is necessary to complete Rule 32(f) objections and meet-and-confer, to allow Probation to obtain and incorporate outstanding verifications, to assemble restitution information, and to brief the Court on disputed guideline issues and supervised-release conditions.

14. On November 20, 2025, I emailed Assistant United States Attorneys Ian Yanniello and Haoxiaohan Cai to request a joint stipulation to continue the sentencing hearing on these grounds and provided proposed new dates. As of the filing of this declaration, the government has not indicated whether it will agree to a stipulation. In light of the approaching sentencing date, defense was compelled to file a noticed motion.

15. To date, there have not been any previous requests to continue the sentencing hearing in this case.

16. I am mindful that, under this Court's procedures, continuances are granted only upon a showing of good cause and that mere stipulation is not sufficient. This declaration is submitted to set forth the reasons for the requested continuance, including the timing and contents of the PSR and Recommendation, the outstanding verifications identified by Probation, the incomplete restitution information, the need to brief significant guideline and supervised-release issues, and the co-defendant sentencing sequence.

17. For all of these reasons, I believe that proceeding with sentencing on the current date would not serve the interests of justice, as the Court would be required to sentence Ms. Sangha on an incomplete and actively disputed record. A brief continuance will allow counsel to present a fully developed record and targeted briefing, and will materially assist the Court in making a fair and informed sentencing decision.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of November, 2025, at Los Angeles, California.

*/s/ Alexandra Kazarian*
ALEXANDRA KAZARIAN