**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS      SBN 108325
ALEXANDRA KAZARIAN SBN 244494
*Attorneys for Defendant*, JASVEEN SANGHA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASVEEN SANGHA,<br><br>Defendant. | Case No.: 2:24-cr-00236-SPG<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE SENTENCING HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXANDRA KAZARIAN**<br><br>Date: February 25, 2026 (current)<br>Time: 9:30 a.m.<br>Courtroom: 5C<br>Judge: Hon. Sherilyn Peace Garnett |

TO THE HONORABLE COURT, THE UNITED STATES ATTORNEY, AND THE UNITED STATES PROBATION OFFICE:

PLEASE TAKE NOTICE that Defendant Jasveen Sangha ("Ms. Sangha"), by and through undersigned counsel, hereby moves this Court for an order continuing the sentencing hearing currently set for February 25, 2026, for approximately 90 days (or to the earliest date thereafter convenient to the Court).

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Presentence Investigation Report ("PSR") dated November 6, 2025 and the Probation Office's

1 Sentencing Recommendation dated November 5, 2025, the files and records in this case, and any
2 further argument or evidence the Court may permit.

3       On January 27, 2026, defense counsel emailed the government requesting a joint
4 stipulation to continue sentencing on the grounds set forth below. The government responded stating
5 that they would not stipulate and would object to a continuance. The continuance must therefore be
6 sought by noticed motion.

DATED: January 29, 2026

GERAGOS & GERAGOS, APC

By: */s/ Alexandra Kazarian*
MARK J. GERAGOS
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
JASVEEN SANGHA

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Good cause exists to briefly continue Ms. Sangha's sentencing.

Mr. Geragos and several attorneys in the Geragos Firm are currently engaged in trial in the case of *SHIRLEY HUFFMAN et al., v. CITY OF LOS ANGELES et al.,* Case Number 22STCV38178, before Judge Stephen P. Pfahler in the Stanley Mosk Courthouse, Department 68.

Yesterday, January 27, 2026, marked the tenth day of jury trial, and trial is expected to last at least through the week of February 23, 2026. As such, Mr. Geragos will not be available for the sentencing hearing for Ms. Sangha, currently scheduled for February 25, 2026, and asks for a reasonable continuance to complete trial, verdict, and prepare for sentencing in Ms. Sangha's case.

At the same time, two related defendants (Fleming and Iwamasa) have sentencings scheduled after Ms. Sangha's, and the Court has not yet had the benefit of those proceedings for §3553(a)(6) disparity analysis.

A short continuance will allow the parties to (1) properly litigate the new guideline issues through Rule 32(f) objections and a meaningful meet-and-confer process; (2) provide Probation corrections to its medical, mental health, education, employment, and financial reports; (3) obtain and verify restitution information from the victims' estates so that the Court can enter a correct order; and (4) brief the Court on an individualized set of supervised-release conditions that satisfy § 3583(d)'s "no greater deprivation than necessary" requirement.

Ms. Sangha is in custody. There is no prejudice to the government or the public in granting a short continuance; denial, by contrast, risks sentencing on an incomplete and contested record.

## II.  ARGUMENT

### a. Good Cause Exists Because Defense Counsel Is Actively Engaged in an Ongoing Jury Trial That Conflicts With the Current Sentencing Date

Good cause exists to briefly continue Ms. Sangha's sentencing because her lead counsel, Mark Geragos, is presently engaged in an ongoing jury trial that will continue through and beyond the current sentencing date.

Mr. Geragos and several attorneys at the Geragos Firm are in trial in *Shirley Huffman et al. v. City of Los Angeles et al.,* Case No. 22STCV38178, before Judge Stephen P. Pfahler in Department

68 of the Stanley Mosk Courthouse. As of January 27, 2026, the case is in its eleventh day of jury trial, with the first witnesses being called today, and the Court has indicated that trial is expected to continue through the week of February 23, 2026.

Ms. Sangha's sentencing is currently scheduled for February 25, 2026. Under these circumstances, Mr. Geragos will be unavailable to adequately prepare for sentencing or to appear before the Court on the currently scheduled date. This is not a matter of convenience or preference; it is the unavoidable reality of an active jury trial that demands full-time attention, including witness examinations, evidentiary rulings, jury instructions, and closing arguments.

Sentencing is among the most consequential stages of a criminal proceeding. It requires careful preparation, familiarity with the record, and the ability to present individualized arguments tailored to the defendant and the Court. Proceeding while lead counsel is in trial would either deprive Ms. Sangha of the effective assistance of counsel or force substitute counsel into an untenable position on short notice.

A brief continuance will allow trial to conclude, a verdict to be returned, and counsel to properly prepare for and attend Ms. Sangha's sentencing without compromising either proceeding.

### b. A Short Continuance Promotes Fairness and Judicial Efficiency and Prejudices No Party

The requested continuance is limited and reasonable. Ms. Sangha is in custody and is not seeking to delay surrender or avoid service of sentence; she is already accruing presentence custody credit. Granting a brief continuance will not prejudice the government or the public, nor will it meaningfully delay the resolution of this case.

By contrast, denying the request would risk proceeding with sentencing when lead counsel is unavailable due to an active jury trial, undermining the fairness of the proceeding and increasing the likelihood of post-sentencing disputes or avoidable issues on appeal.

Granting a short continuance under these circumstances serves the interests of justice, preserves continuity of counsel, and ensures that sentencing proceeds in an orderly and deliberate manner consistent with Rule 32.

### c. *The Sentencing Status of Remaining Co-Defendants Further Supports a Brief Continuance to Avoid Unwarranted Disparities*

A brief continuance is also warranted to permit the Court to sentence Ms. Sangha with the benefit of having resolved the remaining related cases in this prosecution, consistent with 18 U.S.C. § 3553(a)(6)'s directive to avoid unwarranted sentencing disparities among similarly situated defendants.

Two co-defendants in Ms. Sangha's case, Erik Fleming and Kenneth Iwamasa, have not yet been sentenced. Their cases arise from the same overall conduct, involve overlapping factual narratives, and present issues of relative culpability that bear directly on proportionality at sentencing. Proceeding with Ms. Sangha's sentencing before the Court has imposed sentence on these remaining defendants would deprive the Court of the full sentencing landscape in this matter.

A short continuance will allow the Court to consider the sentences ultimately imposed on the remaining co-defendants, any findings made as to role, culpability, or mitigating circumstances, and how Ms. Sangha's sentence should be calibrated in relation to those outcomes to ensure consistency and fairness.

Sequencing sentencing in this manner promotes uniformity, transparency, and confidence in the Court's application of § 3553(a)(6). It also avoids the risk that Ms. Sangha is sentenced in a vacuum, only to have later proceedings underscore disparities that could have been addressed through modest scheduling accommodation.

When combined with defense counsel's unavailability due to an ongoing jury trial, the unresolved status of these co-defendants provides an independent and reinforcing basis for a brief continuance in the interests of justice.

### III. CONCLUSION

For the foregoing reasons, Ms. Sangha respectfully requests that the Court find good cause under Rule 32(b) and:

1. Continue the sentencing hearing currently set for February 25, 2026, for approximately 90 days, or to the earliest date thereafter convenient to the Court, following the *Huffman v. City of Los Angeles* trial and sentencings of Mr. Fleming and Iwamasa.

DATED: January 29, 2026

GERAGOS & GERAGOS, APC

By: /s/ Alexandra Kazarian
MARK J. GERAGOS
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
JASVEEN SANGHA

## **DECLARATION OF ALEXANDRA S. KAZARIAN**

I, Alexandra S. Kazarian, declare:

1. I am an attorney licensed to practice before all the courts of the State of California and admitted to practice before this Court. I am counsel of record for defendant Jasveen Sangha in the above-captioned matter. I have personal knowledge of the facts set forth below and could and would testify competently thereto if called as a witness.

2. Sentencing in this matter is presently set for February 25, 2026, before the Honorable Sherilyn Peace Garnett, in Courtroom 5C.

3. In addition, to our firm's unavailability due to our current engagement in a Jury Trial, two remaining co-defendants and related defendants sentencings are now set after Ms. Sangha's date, including: (a) *United States v. Fleming* (No. 2:24-CR-00417-SPG), currently scheduled for sentencing on April 29, 2026; (b) *United States v. Iwamasa* (No. 2:24-CR-00408-SPG), currently scheduled for sentencing on April 16, 2026.

4. According to the court's docket, the government did not oppose the continuance of both Mr. Fleming and Mr. Iwamasa's cases from January and stipulated to the request for April dates for both defendants.

5. The government's refusal to stipulate here is particularly incongruous given that it agreed to continue the sentencings of Mr. Fleming and Mr. Iwamasa, both out of custody, while opposing a brief continuance for Ms. Sangha, the sole defendant who has remained continuously detained.

6. A brief continuance of Ms. Sangha's sentencing to a date after Fleming and Iwamasa sentencings will assist the Court in assessing relative culpability and avoiding unwarranted sentencing disparities under § 3553(a)(6) among defendants who are all before the same Court in related ketamine-distribution matters.

7. Ms. Sangha has been in continuous federal custody since approximately August 15, 2024. She is not on bond and is not seeking to delay surrender. A short continuance of sentencing will not endanger the community or impair the government's ability to prosecute; it will simply allow the parties to be present in Court with a more accurate and complete record.

8. In light of the foregoing unavailability and sentencing schedules, defense counsel believes that a continuance of approximately 90 days (or to the earliest date following Mr. Fleming and Iwamasa's sentencings, as convenient to the Court) is necessary to complete Rule 32(f) objections and meet-and-confer, prior to presenting the court with the defense sentencing motion.

9. On January 27, 2026, my office emailed Assistant United States Attorneys Ian Yanniello and Haoxiaohan Cai to request a joint stipulation to continue the sentencing hearing on these grounds and provided proposed new dates. As of the filing of this declaration, the government has indicated it will not agree to a stipulation. In light of the approaching sentencing date, defense was compelled to file a noticed motion.

10. To date, there has been one previous request to continue the sentencing hearing in this case.

11. I am mindful that, under this Court's procedures, continuances are granted only upon a showing of good cause and that mere stipulation is not sufficient. This declaration is submitted to set forth the reasons for the requested continuance.

12. For all of these reasons, I believe that proceeding with sentencing on the current date would not serve the interests of justice. A brief continuance will allow counsel to be present, and to present a fully developed record and targeted briefing, and will materially assist the Court in making a fair and informed sentencing decision.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of January, 2026, at Los Angeles, California.

*/s/ Alexandra Kazarian*

ALEXANDRA KAZARIAN