BILAL A. ESSAYLI
Acting United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorneys
Major Frauds Section
1500/1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/0762
Facsimile: (213) 894-0141
E-mail: Ian.Yanniello@usdoj.gov
Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASVEEN SANGHA,<br>aka "Ketamine Queen,"<br><br>Defendant. | CR 24-236(A)-SPG-1<br><br><u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING</u> |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Ian V. Yanniello and Haoxiaohan Cai, hereby files its Opposition to defendant's motion to continue sentencing.

///

///

///

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit

Dated: February 5, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
IAN V. YANNIELLO
HAOXIAOHAN CAI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

For years, defendant Sangha was a high-volume drug dealer who trafficked in methamphetamine, ketamine, cocaine, and other drugs. As this case shows, defendant's criminal conduct had profound and deadly consequences --- including two deaths. (See PSR ¶ 55.) After being granted a prior continuance of sentencing by the Court, defendant again seeks to delay her sentencing based largely on the same reasons she gave for her initial continuance request.

As set forth below, defendant has failed to establish good cause for another continuance, for several reasons, including that defendant herself chose the current sentencing date, and because the families of the victims deserve timely resolution and accountability from defendant. While the government does not oppose a short continuance (2-3 weeks) to avoid a direct conflict with Mr. Geragos's ongoing trial, defendant has failed to provide any legitimate justification for the significant delay she requests.

**I. BACKGROUND**

On September 3, 2025, defendant Sangha pled guilty to multiple felony counts, including maintaining a drug involved premises (Count Two), distributing ketamine on August 26, 2019 that contributed to the death of victim C.M. (Count Three), and distributing ketamine on October 24, 2023 that resulted in Victim M.P.'s death (Count Thirteen). (Dkt. 87.) Based on defense counsel's request for a longer period between the change of plea hearing and sentencing, the court set a sentencing date of December 10, 2025. (Id.)

On November 20, 2025, defendant filed a motion for "an order continuing the sentencing hearing . . . for approximately 60-90 days (or the earliest date thereafter convenient for the Court)." (Dkt.

102 at 1, 7.) Although the government did not oppose the request, the government informed defense counsel that it would oppose any further delays to sentencing. The Court, relying on defendant's representation that it only sought a "brief reset," (Dkt. 102 at 7), granted the motion and continued sentencing to the current date of February 25, 2026. (Dkt. 108.)

On January 27, 2026, defense counsel again contacted the government to request another delay in sentencing to "late March or April" based on counsel's participation in an ongoing state trial that counsel anticipates will last through February 2026. After the government noted its opposition, defendant filed the current motion, seeking an even longer continuance to May 26, 2026. The current motion cites essentially the same reasons as defendant's initial November motion seeking the delay. Compare Dkt. 102 at 3 with Dkt. 123 at 3. The only new basis is a potential conflict with a state trial in which one of defendant's lawyers is involved.

**II. DEFENDANT FAILS TO ESTABLISH GOOD CAUSE FOR ANOTHER SIGNIFICANT SENTENCING DELAY**

Pursuant to Federal Rule of Criminal Procedure 32(b)(1), the Court must impose sentence without unreasonable delay. Here, defendant has provided no good cause to justify another lengthy continuance. Defendant's request should be denied for the following reasons:

First, it was defendant who specifically requested the date she now complains poses a conflict. Defendant's November 2025 motion requested a continuance of 60-90 days (i.e., a date between February 8, 2026 and March 10, 2026). The Court granted exactly this request by setting sentencing for February 25, 2026. Notably, however,

defendant did not reference a conflicting state trial that was scheduled for early 2026 --- even though it appears that counsel was aware the state matter was set for a January 2026 trial, no later than October 16, 2025, i.e., a month before she submitted her initial continuance motion. See Shirley Huffman et al., v. City of Los Angeles, et al., California Superior Court, County of Los Angeles, Case No. 2024CV09757.

Second, even if the state matter was a properly noticed conflict, defendant is represented by at least two attorneys at Mr. Geragos's law firm, and the motion does not articulate any conflict with co-counsel. While the government does not oppose a short continuance (2-3 weeks) to avoid a direct conflict with Mr. Geragos's ongoing trial, defendant has failed to provide any legitimate justification for the significant delay she requests.

Third, defendant's core remaining justification --- that she should be sentenced after the two remaining co-conspirators, so the Court can conduct a "disparity analysis" --- is similarly meritless. To ensure fairness and finality, it is common practice in this District (and others) to sentence cooperating defendants last, and defendant has offered no legitimate basis to deviate in this case.

Nor could she. Comparing defendant's long-term drug dealing crimes (involving multiple drugs and multiple victims) to the remaining co-conspirators (who distributed drugs to one person in and around October 2023) is an apples-to-oranges comparison. Indeed, defendant engaged in a years-long scheme to deal methamphetamine, ketamine, cocaine, and other drugs from her stash house, which contributed to at least two deaths. Moreover, after learning that her drugs had contributed to Victim C.M.'s death in 2019, defendant

did not hesitate or slow down: she continued her high-volume drug business despite knowing the danger of the substances she was selling --- actions that led to another victim's death. These and other aggravating factors separate defendant's conduct from all other defendants in this case. Delaying sentencing for defendant based on a false equivalency between defendant and her dissimilarly-situated, cooperating co-conspirators is not warranted.

Finally, and perhaps most importantly, the victim family members oppose a further sentencing continuance. The victims in this case deserve a speedy resolution and accountability. The family of Victim C.M. has been waiting for accountability since they lost their loved one in 2019. For the family of Victim M.P., who died directly as the result of defendant's drug dealing, delaying sentencing for defendant would not only delay resolution with respect to defendant, but also with respect to her cooperating co-conspirators, Kenneth Iwamasa and Erik Fleming, whose sentencings have already been continued multiple times to ensure their availability for testimony in the event the matter against defendant does not proceed to conviction via plea.[1]

**III. CONCLUSION**

For the foregoing reasons, the government submits that defendant has failed to establish good cause to continue the sentencing hearing set for February 25, 2026. If the Court is inclined to grant a continuance of the sentencing hearing, the government would request a shorter continuance of 2-3 weeks to avoid Mr. Geragos's current trial conflict.

---

[1] See United States v. Kenneth Iwamasa, 24-CR-408-SPG, Dkt. 35 (continuing sentencing to April 22, 2026); United States v. Erik Fleming, 24-CR-417-SPG, Dkt. 40 (continuing sentencing to April 29, 2026).