UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cr-00236-SPG-1 | Date | February 9, 2026 |
| Title | United States v. Sangha | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
| P. Gomez<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING, IN PART, MOTION TO CONTINUE SENTENCING [ECF NO. 123]**

On January 29, 2026, Defendant Jasveen Sangha ("Defendant") filed a Motion to Continue Sentencing. *See* (ECF No. 123 ("Motion")). In the Motion, Defendant requests to continue the date of her sentencing from February 25, 2026, to May 26, 2026, or later. *See* (*id.* at 6). Defendant raises two arguments in support. First, Defendant writes that her attorney, Mark Geragos, has an ongoing trial that Mr. Geragos expects to conflict with the February 25, 2026, sentencing date. *See* (*id.* at 3). Second, Defendant writes that two co-defendants, Erik Fleming and Kenneth Iwamasa, have not yet been sentenced, and she requests that the Court defer her sentencing until after sentencing her co-defendants. *See* (*id.* at 5). In support of the latter argument, Defendant argues that sentencing her before Mr. Fleming and Mr. Iwamasa would "deprive the Court of the full sentencing landscape," because their cases "present issues of relative culpability that bear directly on proportionality at sentencing." (*Id.*).

On February 5, 2026, the Government filed a brief in opposition to the Motion. *See* (ECF No. 125 ("Opposition")). In the Opposition, the Government writes that it "does not oppose a short continuance (2-3 weeks) to avoid a direct conflict with Mr. Geragos's ongoing trial." (*Id.* at 3). However, the Government argues that a 90-day continuance is not justified. *See* (*id.*). The Government notes that Defendant herself requested a sentencing date between February 8, 2026, and March 10, 2026. *See* (*id.* at 4-5). The Government also argues that, "[t]o ensure fairness and finality, it is common practice in this District (and others) to sentence cooperating defendants last," and Defendant has not offered any basis to deviate from this practice. (*Id.* at 5). The Government further argues that it would not be helpful to defer Defendant's sentencing until after the sentencing of Mr. Fleming and Mr. Iwamasa because Defendant's criminal conduct and culpability "separate [her] conduct from all other defendants in this case." *See* (*id.* at 5-6). Finally, the Government notes that the victims' family members oppose a further continuance to the date of Defendant's sentencing. *See* (*id.* at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cr-00236-SPG-1 | Date | February 9, 2026 |
| Title | United States v. Sangha | | |

    Pursuant to Federal Rule of Criminal Procedure 32(b)(1), "[t]he court must impose sentencing without unnecessary delay." As the Government argues, Defendant has not provided a sufficient basis for the Court to defer Defendant's sentencing until after the Court sentences Mr. Fleming and Mr. Iwamasa, especially in light of the differences in the conduct charged against Defendant, on the one hand, and Mr. Fleming and Mr. Iwamasa, on the other. Further, the interests of the victims' family members weighs against Defendants' request for a 90-day continuance. However, in light of Mr. Geragos's scheduling conflict and the Government's non-opposition to a short continuance, the Court GRANTS the Motion, in part, and ORDERS that Defendant's sentencing is continued to Wednesday, April 8, 2026, at 9:00 a.m.

    **IT IS SO ORDERED.**

                                                                                                                   :

Initials of Preparer   pg